W. C. JOHNSTON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52386.   Filed August 23, 1955.

*Harold D. Shaft, Esq.,* for the petitioner.
*Edward L. Newberger, Esq.,* for the respondent.

### OPINION.

RICE, *Judge:* This proceeding involves the following contested deficiencies in income tax and penalties determined under section 291 (a) of the 1939 Code:

| Year | Income tax deficiency | Sec. 291 (a) penalty |
|---|---|---|
| 1948 | $7,083.68 | $1,770.92 |
| 1949 | 18,557.91 | 4,639.48 |

The issues to be decided are: (1) Whether the petitioner, a nonresident alien during the years in issue, was engaged in trade or busi-

ness in the United States; and if so, (2) whether the respondent erred in determining penalties under section 291 (a) for petitioner's failure to file United States income tax returns for such years. Concessions have been made with respect to other issues which will be taken into account in a Rule 50 computation.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

During the years in issue, petitioner was a Canadian citizen and a resident of Winnipeg, Manitoba, Canada. He filed no United States income tax returns during such years.

On October 11, 1946, petitioner and one George B. G. Bater entered into a partnership agreement to conduct a livestock dealership in Manitoba, Canada. Petitioner was entitled to 65 per cent of the profits of such partnership; Bater was entitled to 35 per cent. The partnership continued in existence until December 1, 1949.

Geneseo Sales Company was a partnership whose principal place of business was in Geneseo, Illinois. During the years in issue, it was also engaged in the livestock business. The entire capital interest in such partnership was owned by one R. S. Bollen; the other partner participated in profits because of labor contributed.

Sometime during the year 1948, petitioner and Bollen entered into an oral agreement in behalf of their respective partnerships. They agreed that petitioner would purchase cattle in Canada at the lowest possible price and would then ship such cattle to Bollen to be sold in the United States at the highest available price. After petitioner purchased the cattle in Canada, he was empowered by the agreement to draw a draft on Bollen for the purchase price. The cattle were to be shipped in Bollen's name. The agreement, however, provided that any loss on the cattle, whether en route or after delivery, was to be shared equally by petitioner and Bollen. Profit or loss from the sales of the cattle was to be equally divided between petitioner and Bollen.

Pursuant to such agreement, petitioner bought and shipped cattle and Bollen sold them during the years in issue. The sales of the cattle were made from the stockyards of Geneseo Sales Company in Geneseo, Illinois. The Geneseo Sales Company kept a separate account on its books, entitled "Geneseo Sales Co. and W. C. Johnston & Co. Partnership Cattle Acct." On the partnership information returns for 1948 and 1949, which the Geneseo Sales Company filed, it reported that it was a 50 per cent partner with W. C. Johnston under the above-described agreement for the purchase and sale of cattle. The W. C. Johnston Company's share of the profits from its partnership with the Geneseo Sales Company was as follows:

| | |
|---|---|
| 1948 | $22,050.64 |
| 1949 | 42,587.33 |

Petitioner's share of such profits was $14,332.92 in 1948 and $27,681.76 in 1949. The respondent determined that his share of such profits was taxable to him as income received from sources within the United States by a nonresident alien engaged in business in the United States.

Section 211 (a) of the 1939 Code provides special tax treatment for income received from sources within the United States by nonresident aliens who are not engaged in trade or business in the United States. Section 211 (b), however, provides for the taxation of such income of a nonresident alien engaged in a trade or business in the United States without regard to section 211 (a), so that such a nonresident alien is fully taxable on all income received from such trade or business. Section 219 provides that a nonresident alien shall be considered as being engaged in trade or business within the United States if a partnership of which he is a member is so engaged.

The substance of the petitioner's argument that the respondent's determination of the deficiencies is erroneous is that there was no partnership or joint venture between his Canadian partnership, W. C. Johnston & Co., and Bollen's American partnership, Geneseo Sales Company. Petitioner argues that the moneys received by him in 1948 and 1949 from the sale of the cattle in question were compensation for his personal services to Bollen for purchasing such cattle in Canada.

We think it clear from this record that the agreement between petitioner and Bollen was a partnership agreement in behalf of their two firms (which is to say in behalf of the partners of W. C. Johnston & Co. and the partners of the Geneseo Sales Co.), and that the activities carried on pursuant to that agreement were the activities of a partnership. Petitioner and Bollen in behalf of their firms joined together their money, labor, and skill for the purpose of carrying on the business of buying and selling livestock with a full community of interest in the profits *and losses* from such business. *Commissioner* v. *Culbertson*, 337 U. S. 733 (1949); *Commissioner* v. *Tower*, 327 U. S. 280 (1946).

The parties stipulated into the record the testimony which Bollen would have given had he been called as a witness at the hearing. His testimony and the treatment of the profits from the venture on the books of the Geneseo Sales Company indicate that he considered the venture with petitioner to be a partnership. Petitioner did not appear at the hearing and we do not have the benefit of his testimony. But despite his arguments on brief to the effect that he was an agent of Bollen or the Geneseo Sales Company, we are satisfied that a partnership did, in fact, exist between the partners of the W. C. Johnston & Co. and the partners of the Geneseo Sales Company. Therefore, under the provisions of section 219, the petitioner by virtue of his

membership in the partnership is deemed to have been doing business in the United States.

The petitioner advanced a further argument to the effect that the treaty between the United States and Canada of March 4, 1942, 56 Stat. 1399, prohibits the taxation of petitioner's income here in issue because W. C. Johnston & Co. was a Canadian enterprise as that term is defined in the protocol of the treaty; and, hence, by the terms of the treaty exempt from tax because it had no permanent establishment in the United States. This argument is without merit. We have already indicated that the relationship of the W. C. Johnston & Co. and its partners with the Geneseo Sales Company and its partners was that of a partnership; and by virtue of Geneseo Sales Company's permanent abode in the United States, W. C. Johnston & Co. and its partners are deemed to have had a permanent place of business in this country.[1] We, therefore, conclude that the respondent did not err in determining the deficiencies here in issue.

No cause appears in the record excusing petitioner's failure to file returns. The respondent's determination of penalties under section 291 (a) is, therefore, upheld.

*Decision will be entered under Rule 50.*

[1] 56 Stat. 1399, 1400.
CANADA—DOUBLE TAXATION—MAR. 4, 1942.  Article III.
1. If an enterprise of one of the contracting States has a permanent establishment in the other State, there shall be attributed to such permanent establishment the net industrial and commercial profit which it might be expected to derive if it were an independent enterprise engaged in the same or similar activities under the same or similar conditions. Such net profit will, in principle, be determined on the basis of the separate accounts pertaining to such establishment.